## Mary Roberts, Appellee, v. Chicago City Railway Company, Appellant.

### Gen. No. 22,387.   (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. RICHARD
S. TUTHILL, Judge, presiding. Heard in the Branch Appellate Court
at the March term, 1916. Affirmed on remittitur. Opinion filed
May 29, 1917.

### Statement of the Case.

Action by Mary Roberts, plaintiff, against the Chicago City Railway Company, defendant, to recover for personal injuries alleged to have been received through having been thrown from defendant's street car while a passenger thereon. From a verdict and judgment for $2,000 for plaintiff, defendant appeals.

FRANKLIN B. HUSSEY and WATSON J. FERRY, for appellant; W. W. GURLEY and J. R. GUILLIAMS, of counsel.

LONGENECKER & HEISE, for appellee.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

### Abstract of the Decision.

1. INSTRUCTIONS, § 25*—*when not error to refuse to direct jury to disregard faulty counts.* Where the declaration in an action for personal injuries consists of four counts, it is not error to refuse to direct the jury to disregard three of the counts, even though the evidence did not tend to sustain them, if it sustained the remaining count.

2. CARRIERS, § 480*—*when question as to excessive speed of car is for jury.* In an action to recover for personal injuries through

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

being thrown from a moving street car, the question as to whether the speed of the car at the time of the accident was excessive is for the jury, where the evidence in regard thereto is conflicting.

3. CARRIERS, § 480*—*when question as to due care of passenger is for jury.* In an action for personal injuries through being thrown from a moving street car, the question as to whether plaintiff was exercising due care is for the jury, where the evidence in regard thereto is conflicting.

4. DAMAGES, § 114*—*when verdict for personal injuries is excessive.* In an action for personal injuries, where the physical injuries testified to consisted mainly of bruises on various parts of the body without any breaking of bones, a cut over the eye requiring six stitches, one on the chin requiring one stitch, an injury to the right arm and right knee, a broken tooth, pains in various parts of the body, a threatened abortion, which was, however, successfully averted, and scars, not described as serious, and plaintiff was confined to her bed and under medical attention for about five or six weeks, and the evidence further tends to show that plaintiff attempted to enhance her damages in her testimony as to the value and loss of her services, judgment on a verdict for plaintiff for $2,000 will not be affirmed save on a remittitur of $500.